FLORINDO S. POLO, Respondent, *v.* JOSEPH J. LORDI et al., Appellants.

(Argued January 12, 1933; decided February 28, 1933.)

*John J. Curtin* and *Wesley S. Sawyer* for appellants. Where the prospective purchaser, or lender, refuses to deal with plaintiff as broker, and makes the contract through another broker, the plaintiff is not the procuring cause and the complaint should be dismissed. (*Sampson* v. *Ottinger,* 93 App. Div. 226; *Haase* v. *Ullman,* 148 App. Div. 40; *Lord* v. *U. S. Transportation Co.,* 143 App. Div. 437.) Where two brokers are involved in the same sale, or loan, that broker only is entitled to a commission who has actually procured the buyer or lender to make the contract, acting through him as broker. (*Myers* v. *Batcheller,* 177 App. Div. 47; *Whitcomb* v. *Bacon,* 170 Mass. 479; *Loewenthal* v. *Klein,* 159 App. Div. 334; *Wylie* v. *Marine Bank,* 61 N. Y. 415; *Cole* v. *Kosch,* 116 App. Div. 715; *Faulkner* v. *Cornell,* 80 App. Div. 161; *Farber* v. *Cohn,* 74 Misc. Rep. 396.) To be entitled to a commission the broker must procure the buyer to agree upon the contract in all its details, including the use of the plaintiff as broker. (*Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378; *Gallagher* v. *Dullea,* 199 App. Div. 119; *Applebaum* v. *Witbeck,* 231 App. Div. 297; *Boyd* v. *Improved Property Co.,* 135 App. Div. 623; *Johnson* v. *Lord,* 35 App. Div. 325; *Simonson* v. *Bank,* 231 App. Div. 868.)

*Melber Chambers* for respondent. There is evidence upon every element of the plaintiff's case. (*Gallagher* v. *Nichols*, 60 N. Y. 438; *Patterson* v. *Meyerhofer*, 204 N. Y. 96.) The evidence supports the verdict that the plaintiff procured the loan. (*Smith* v. *McGovern*, 65 N. Y. 574; *Winans* v. *Jacques*, 10 Daly, 487.) The decision that the plaintiff procured the loan sustains his recovery. (*Stone* v. *Plaut*, 96 N. Y. Supp. 1030; *Faulkner* v. *Cornell*, 80 App. Div. 161.)

LEHMAN, J. The plaintiff, a real estate broker, was employed to procure a building loan upon property owned by defendant corporation. If successful, his compensation would be one per cent of the amount of such loan. Before he was successful the parties entered into a written contract whereby the president of the owner authorized the plaintiff " to represent me for the purpose of procuring bids, and consult with various contractors; also to represent me in procuring a loan," and for such services agreed to pay the plaintiff the sum of $3,000. Thereafter the owner accepted a building loan for $950,000. The plaintiff, claiming that he procured such loan and performed the services stipulated in the written contract, has brought this action to recover one per cent commission on the amount of the loan and in addition the sum of $3,000 for services performed under the written contract, and has recovered a judgment for these amounts with interest.

The evidence is sufficient to sustain a recovery in the sum of $3,000 for services rendered under the written contract. The plaintiff shows that at the request of the defendants he had several interviews with the prospective lender, procured bids and consulted with various contractors. Assuming that the services, to be rendered under that contract, in representing the defendant " in procuring a loan " were not intended to include services as a real estate broker in procuring a lender, ready, able and willing to make the loan, the plaintiff can still recover, in addition to compensation for services rendered under

the written contract, commissions as a real estate broker only by proof that he was in fact the procuring cause of the loan. The record is barren of such evidence, if indeed it does not affirmatively show the contrary.

According to the testimony produced by the defendant, which is not denied by the plaintiff, other brokers submitted the application for the building loan together with plans for the building to the lender before the plaintiff began any negotiations with the lender, and the plaintiff was so informed. The plaintiff does not show that thereafter he was accepted as a broker in the negotiations by either party or that he induced the lender to make the loan on terms acceptable to the borrower. He was at that time in the defendant's employ to perform services which included acting as agent for the defendant in procuring the loan. A real estate broker is an agent, but an agent of a peculiar kind. He acts as intermediary between two parties in bringing about a contractual meeting of minds. Even though we accept the plaintiff's construction of the written contract, all services rendered as *agent* for the defendant in procuring the loan other than services rendered as broker or intermediary, are part of the duties for which he was to receive compensation of $3,000. The plaintiff may have discussed with the prospective lender terms and conditions of a proposed loan, but all such discussions are referable to the written contract. There is nothing to show that the plaintiff acted as an intermediary or broker between the parties rather than as the owner's representative or adviser — certainly nothing to show that he procured the loan.

The judgment should be modified by reducing the amount of recovery to $3,000, with interest, and as so modified affirmed, without costs. (See 261 N. Y. 639.)

Pound, Ch. J., Crane, Kellogg, O'Brien, Hubbs and Crouch, JJ., concur.

Judgment accordingly.